THE STATE, SARAH WYCKOFF, PROSECUTRIX, v. M. R. NUNN, COLLECTOR OF THE TOWNSHIP OF WASHINGTON, IN THE COUNTY OF WARREN.

1. The prosecutrix having had no notice that the assessment for taxes was made against her, and therefore no opportunity to apply to the commissioners of appeal, is entitled to review the assessment by *certiorari*.
2. Assessment set aside, neither the principal or interest of the mortgage assessed being payable to her.

On *certiorari*. In matter of taxation.

Argued at February Term, 1877, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *J. G. Shipman*.

For the defendant, *O. Jeffery*.

The opinion of the court was delivered by

VAN SYCKEL, J. One John C. Miller executed a mortgage on the farm on which he resides, in the township of Washington, in the county of Warren, to the executors of Simon Wyckoff, deceased, to secure to them the payment of the sum of $6500 at the decease of the prosecutrix, Sarah

Wyckoff, the interest to be paid to the executors annually during her lifetime. This annual interest is paid by said executors to said Sarah in lieu of her right of dower in the estate of said decedent.

Under color of the act of April 17th, 1876, (*Laws*, 1876, *p.* 160,) the prosecutrix, who resided in Belvidere, was assessed in the year 1876, in the township of Washington, for the principal sum of said mortgage. She had no notice that this assessment was made against her, and therefore had no opportunity to apply to the commissioners of appeal for relief. She has, therefore, prosecuted this *certiorari* to review the assessment, and she is entitled to have it set aside if it is illegally imposed upon her. It is manifest that this assessment, as against the prosecutrix, is wholly unauthorized. Neither the principal or interest is payable to her; the principal is not due until her death, and the interest is payable to the executors, and is by them paid to her. If the interest had, by the terms of the mortgage, been payable to her, the case would be within the rule in *State, Hill, pros.*, v. *Hanson, Collector*, 7 *Vroom* 50, and she would have been taxable upon the amount of interest which had become due and was unpaid upon the mortgage at the time of the assessment.

The assessment should be set aside, with costs.